UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA FITZGIBBONS, RICHARD
ELLISON, and AQUATIC SPORTS, LTD.,

    Plaintiffs,

v.

THE COOK AND THORBURN AND
HANCOCK COUNTY DRAINAGE
DISTRICTS, and the INGHAM COUNTY
DRAIN COMMISSIONER PATRICK E.
LINDEMANN,

    Defendants.
_____/

File No. 1:08-CV-165

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on a motion for attorney's fees pursuant to 33 U.S.C. § 1365(d) and Rule 54(d)(2) of the Federal Rules of Civil Procedure filed by Defendants the Ingham County Drain Commissioner, the Cook and Thorburn Drainage District, and the Hancock County Drainage District. (Dkt. No. 28.) Plaintiffs oppose the motion. (Dkt. No. 30.)

**I.**

Plaintiffs brought this action pursuant to the citizen-suit provision of the Federal Clean Water Act (CWA), 33 U.S.C. § 1365(a), and also asserted several state-law claims. On December 8, 2008, the Court granted Defendants' motion to dismiss for lack of subject

matter jurisdiction because Plaintiffs' pre-suit notice letter did not comply with the citizen suit notice requirements of 33 U.S.C. § 1365(b)(1) and 40 C.F.R. § 135.3. Defendants now move for an award of attorney's fees. For the reasons that follow, Defendants' motion will be denied.

## II.

Under Rule 54, a party moving for attorney's fees must "specify . . . the statute, rule or other grounds entitling [it] to the award[.]" Fed. R. Civ. P. 54(d)(2)(A)(ii). Defendants rely upon the fee-shifting statute in the CWA, 33 U.S.C. § 1365(d), which provides, in relevant part:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

*Id.* Defendants contend that, as the "prevailing or substantially prevailing party" they are entitled to attorney's fees. Under the American Rule, even "the *prevailing* litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983) (quoting *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). Consequently, fee-shifting statutes are to be narrowly construed. *Sierra Club v. Hamilton County Bd. of County Comm'rs*, 504 F.3d 634, 642 (6th Cir. 2007). "[A]bsent some degree of success on the merits by the claimant, it is not 'appropriate' for a federal court to award attorney's fees[.]" *Ruckelshaus,* 463 U.S. at 694.

In moving for an award of attorney's fees, a prevailing *defendant* has a higher burden than a prevailing plaintiff; a prevailing defendant must show that the action was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).[1] The Supreme Court has cautioned that "[i]n applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22.

Defendants argue that Plaintiffs' action was groundless because Defendants asserted multiple bases for dismissal of Plaintiffs' claims, including failure to comply with the pre-suit notice requirement of the CWA, failure to state a claim under the CWA, and immunity with respect to Plaintiffs' state law claims. Defendants also argue that Plaintiffs were aware

---

[1]Though the Court in *Christiansburg* interpreted the fee-shifting provision in the Civil Rights Act, the Court has consistently held that fee awards under the various "prevailing party" statutes ought to be governed by the same standards. *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983); *Northcross v. Bd. of Educ. of Memphis City Sch.*, 412 U.S. 427, 428 (1973). In *Pennsylvania v. Delaware Valley Citizen's Counsel for Clean Air*, 478 U.S. 546 (1986), the Court held that "Given the common purpose of both § 304(d) [of the Clean Air Act] and § 1988 to promote citizen enforcement of important federal policies, we find no reason not to interpret both provisions governing attorneys fees in the same manner." *Id.* at 560. In *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684 (1983), the Court noted that § 304(d) of the Clean Air Act is "identical" to § 1365(d) and other fee-shifting statutes. *Id.* at 682 n.1. *See also Wolfe v. Perry*, 412 F.3d 707, 720 n.5 (6th Cir. 2005) ("We have held . . . that 'Congress intended that the standards for awarding fees under section 1988 should be the same as those under Title VII and other acts allowing awards of attorneys fees.") (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985)).

of the deficiencies of their pre-suit notice letter[2] and nevertheless failed to correct them prior to filing suit. In response, Plaintiffs contend that Defendants were not "prevailing parties" under 33 U.S.C. § 1365(d) because the Court made no decision on the merits of the claims. Plaintiffs also contend that Defendants have not shown that their lawsuit was frivolous or that Plaintiffs acted in bad faith.

In its opinion and order, the Court dismissed the CWA claim for failure to comply with the citizen-suit notice provision. (Dkt. Nos. 26, 27, 12/08/2008 Op. & Order.) Though the Court found that Plaintiffs' notice letter was not sufficient to satisfy the notice requirements of the CWA, it was not so obviously insufficient as to render Plaintiffs' action frivolous, unreasonable, and groundless. *See Washington Trout v. Scab Rock Feeders*, 823 F. Supp. 819, 821 (E.D. Wash. 1993) (denying award of attorney's fees under § 1365(d) where the plaintiff failed to provide sufficient notice, because defendants had not shown "bad faith or recklessness" in filing suit). This was not a case where Plaintiffs failed to provide any pre-suit notice whatsoever; Plaintiffs argued, albeit unsuccessfully, that their pre-suit notice letter complied with the CWA in accordance with the "substantial" compliance standard set forth in *National Wildlife Federation v. Consumers Power Co.*, 657 F. Supp. 989 (W.D. Mich. 1987), *rev'd on other grounds*, 862 F.2d 580 (6th Cir. 1988).

Moreover, Plaintiffs' failure to comply with the CWA pre-suit notice provision does

---

[2]The notice letter alleged a violation of the CWA due to failure to obtain a discharge permit. After allegedly receiving notice from Defendants of the issuance of a discharge permit, Plaintiffs later filed suit, in part, on the basis of violation of the permit.

not mean that their underlying claims were frivolous, unreasonable, or groundless. Upon finding that it lacked jurisdiction over the CWA claim due to the insufficiency of the pre-suit notice letter, the Court dismissed the CWA claim without prejudice and declined to exercise jurisdiction over the state law claims. However, Plaintiffs were free to re-file their state-law claims in state court, and were free to re-file their CWA claim after complying with the notice requirement. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 32 (1989) (construing a similar notice provision in 29 U.S.C. § 6972). Plaintiffs' other bases for dismissal were not considered by the Court; however, the Court notes that Defendants' purported immunity defense applies only to Plaintiffs' state law claims, and the Court specifically requested further briefing on Defendants' other asserted basis for dismissal of the CWA claim, *i.e.* that the body of water at issue in the case is not part of the "waters of the United States" regulated by the CWA, under the interpretation set forth in *Rapanos v. United States*, 547 U.S. 715 (2006). On this record, Defendants have not shown that Plaintiffs' action was frivolous, unreasonable, or groundless, and their motion for attorney's fees will be denied. An order will be entered that is consistent with this opinion.

Dated: July 21, 2009  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE